FRANKLIN | SOTO LLP
Joshua D. Franklin, SBN 264536
Cheryl Dunn Soto, SBN 250892
445 Marine View Avenue
Del Mar, CA 92014
619.872.2520
josh@franklinsoto.law
cheryl@franklinsoto.law

*Attorneys for Plaintiff Ajay Atul Doshi*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAY ATUL DOSHI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ECOMMISSION SOLUTIONS, LLC; PAUL G. HOFFMANN; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No: 18-cv-0781 JLS MSB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Filed Concurrently With Notice of Motion and Motion for Leave to File Second Amended Complaint; Declaration of Joshua D. Franklin]<br><br>Date:　March 21, 2019<br>Time:　1:30 p.m.<br>Ctrm:　 4D<br>Judge:　 Hon. Janis L. Sammartino |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Ajay Atul Doshi brings this motion seeking leave to file a Second Amended Complaint, primarily to assert a cause of action for Fraud by False Promise and to add allegations of alter-ego liability against Defendant Paul G. Hoffmann. The allegations in Mr. Doshi's original and First Amended Complaint [Doc. #6] have always supported a cause of action for Fraud By False Promise, and discovery recently received from Defendants eCommission Solutions, LLC ("ECS") and Paul G. Hoffman (collectively "Defendants") support the addition of alter ego allegations.

Because Plaintiff is seeking leave to file the proposed Second Amended Complaint by the deadline imposed by the Court's Scheduling Order [Doc. #19], and no depositions have been taken in the case thus far, Defendants will not suffer any prejudice. Accordingly, the requested amendment of Plaintiff's First Amended Complaint is appropriate and will allow the pleadings and legal theories to conform to the evidence revealed thus far in discovery.

## I. BACKGROUND AND PROCEDURAL POSTURE

This action was originally filed in San Diego Superior Court on November 21, 2017. (Franklin Decl. ¶ 2.) Defendants removed the action to this Court on April 23, 2018. (*Id.*) Plaintiff Doshi filed a First Amended Complaint [Doc. #6] on April 26, 2018, three days after the case was removed, primarily to correct the spelling of Defendant Paul G. Hoffman's name. (*Id.* ¶ 3.) Plaintiff's original complaint alleged, among other things, that he accepted the position of Vice President of Product Engineering for Defendant ECS on the basis of Defendants' false and misleading representations that he would be granted 150,000 stock options as part of ECS's employee stock option plan – a plan Plaintiff later learned did not exist. (*See generally* First Amended Complaint [Doc. #6].)

On May 10, 2018, Defendants moved to dismiss Plaintiff's First Amended Complaint. (*See* Doc. #7.) This Court denied Defendants' Motion to Dismiss on September 24, 2018. (*See* Doc. #11.) The parties conducted their Rule 26(f) conference on October 23, 2018. (*See* Franklin Decl. ¶ 10.) Since that time, the parties have served and responded to written discovery, but, to date, no depositions have been taken. (*Id.* ¶ 9) The Rule 30(b)(6) depositions of ECS and the deposition of Defendant Hoffmann – the first depositions to be taken in this case – are scheduled to proceed on February 21, 2019. (*Id.*)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that where, as here, leave of court is required in order for a party to amend, "[t]he court should freely give leave when justice so requires." In the Ninth Circuit, "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Ross v. Pioneer Life Ins. Co.*, 545 F. Supp. 2d 1061, 1064 (C.D. Cal. 2008) ("Leave to amend is liberally allowed.").

Courts commonly consider four factors in determining the propriety of a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Importantly, these factors "are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd.*, 833 F.2d at 186 (citing *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981)). "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *Howey v. United*

*States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *see also Griggs*, 170 F.3d at 881 ("[A]mendment should be permitted unless it will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories.").

### III. LEGAL ARGUMENT

#### A. The Court Should Grant Plaintiff Leave to File His Proposed Second Amended Complaint.

Plaintiff Doshi seeks leave to file his proposed Second Amended Complaint, the first substantive amendment to his pleading,[1] in compliance with the Court's Scheduling Order. The amendment is sought following the receipt of documents produced in response to Plaintiff's Requests for Production but before any depositions have been taken in the case. The Court should grant Plaintiff leave to file his proposed Second Amended Complaint because the two most important factors guiding the Court's analysis – lack of bad faith and lack of prejudice – weigh in favor of allowing amendment, and there is no basis for finding the amendment futile.

#### B. The Proposed Amendment is Not Brought in Bad Faith Because It Is Not Being Brought to, and Will Not, Delay the Proceedings.

The first factor – bad faith – focuses on whether the movant is seeking to unnecessarily delay or interfere with the proceedings. *See Griggs*, 170 F.3d at 881 (explaining bad faith will be found where movant "merely is seeking to prolong the litigation by adding new but baseless legal theories"); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding bad faith where "[f]acing a summary judgment motion, Lockheed sought to amend its complaint to add causes of action on which discovery had not been undertaken"); *Thornton v.*

---

[1] Plaintiff Doshi filed his First Amended Complaint [Doc. #6] for the primary purpose of correcting the spelling of Defendant Paul G. Hoffman's name. (Franklin Decl. ¶ 3.)

Case No: 18-cv-0781 JLS MSB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
3

*McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001) (affirming denial of leave to amend on bad faith grounds where magistrate referenced moving party's "history of dilatory tactics" and the doubtful value of the proposed amendment), superseded by statute on other grounds as stated in *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir. 2014); *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (affirming finding plaintiff acted in bad faith in connection with motion to amend to add defendant where district court concluded that plaintiff sought to add defendants to destroy diversity and, thus court's jurisdiction).

As applied here, Plaintiff's proposed amendment seeks to add a cause of action for Fraud by False Promise based predominantly on allegations already included in the operative First Amended Complaint. Plaintiff also seeks to add this cause of action and allegations establishing alter-ego liability against Defendant Hoffmann based, in part, on documents produced by Defendants in response to Plaintiff's Requests for Production.[2] Inasmuch as Defendants produced these documents on December 20, 2018 and January 9, 2019 (*see* Franklin Decl. ¶ 7), and the vast majority of allegations supporting the proposed cause of action for Fraud by False Promise are already contained in the existing complaint, Defendants cannot credibly claim bad faith or an intent to delay the proceedings. Indeed, counsel for Plaintiff has been diligent in attempting to schedule depositions and move the case forward. (*See*, *e.g.*, Franklin Decl. ¶¶ 10-12.)

---

[2] The proposed Second Amended Complaint also adds an allegation under the existing breach of contract cause of action asserting Defendant ECS's failure to pay Mr. Doshi's invoice for the pay period of December 16, 2017 to December 31, 2017, which invoice reflected the final wages earned by Mr. Doshi at ECS, constitutes a violation of California Labor Code Sections 201 and 203 for which both Defendant ECS and Defendant HOFFMANN are liable. (Franklin Decl. ¶ 8.)

Moreover, no depositions have been taken to date and discovery is ongoing. Therefore, allowing leave to amend at this juncture will in no way jeopardize the deadlines set forth in the Court's Scheduling Order or otherwise interfere with the proceedings. These factors weigh in favor of granting leave to amend.

### C. Defendants Will Not Be Prejudiced by the Amendment

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 87. Defendants cannot show any prejudice. First, as set forth in the redlined version of the proposed Second Amended Complaint,[3] Plaintiff's cause of action for Fraud by False Promise is based largely on factual allegations already contained in Plaintiff's First Amended Complaint. *See Ross*, 545 F. Supp. 2d at 1065 ("Because the proposed amendment merely rests upon those allegations and pleadings already made, such amendment in no way prejudices Defendants' ability to defend against the Complaint."). Furthermore, Plaintiff seeks to add allegations of alter-ego liability against Defendant Hoffmann (based, in part, on documents recently received from Defendants), before any depositions have been taken. Accordingly, Defendants will be fully apprised of Plaintiff's amended allegations and theories of liability before they are deposed and/or respond to any additional written discovery. Because Defendants will not be prejudiced by the proposed amendments to Plaintiff's complaint, this factor weighs in favor of granting leave to amend.

### D. The Amendment is Not Futile

Plaintiff's proposed Second Amended Complaint (Franklin Decl. ¶ 4 & Ex. A) contains ample factual allegations stating a claim for Fraud by False Promise. In fact, this Court previously ruled that Plaintiff's First Amended Complaint sufficiently

---

[3] A redlined version of the proposed Second Amended Complaint is attached as Exhibit B to the accompanying Declaration of Joshua D. Franklin.

alleged facts supporting a claim for Fraud by Misrepresentation.  (*See* Doc. #11, pp. 7-9.)  The proposed cause of action for Fraud by False Promise is premised on these same allegations and merely adds the allegation that "Defendants did not intend to perform the [subject] promises when they were made, as evidenced by Defendants' failure to take any meaningful steps to establish an employee stock option plan or a new corporate structure, either before or after the commencement of Plaintiff Doshi's employment with ECS."  (Franklin Decl. ¶ 4 & Ex. A, ¶ 45.)

Similarly, Plaintiff's alter-ego liability allegations[4] state facts satisfying factors recognized under California and New York law as supporting a plaintiff's ability to "pierce the corporate veil."  *See*, *e.g.*, *Baby Phat Holding Co., LLC v. Kellywood Co.*, 997 N.Y.S.2d 67, 70 (A.D. 1st Dept. 2014) ("In order to state a claim for alter-ego liability plaintiff is generally required to allege complete domination of the corporation . . . in respect to the transaction attacked and that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury."); *Zoran Corp. v. Chen*, 185 Cal.App.4th 799, 811 (2010) ("[I]t is generally stated that in order to prevail on an alter-ego theory, the plaintiff must show that (1) there is such a unity of interest that the separate personalities of the corporations no longer exist; and (2) inequitable results will follow if the corporate separateness is respected.").

---

[4] Plaintiff's proposed alter-ego liability allegations can be found at Paragraphs 26-31 of the proposed Second Amended Complaint and include that, upon information and belief, "Defendant HOFFMANN deliberately coordinated the execution of the asset sale to Onyx in such a way as to (1) maximize his own personal recovery from the asset sale through, among other things, the manipulation of purported confidential expenses, including "Success Fees," totaling nearly $800,000; and (2) leave ECS with inadequate reserve funds to satisfy its then-existing obligations and contingent liabilities."  (Franklin Decl. ¶ 4 & Ex. A, ¶ 29.)

1  Accordingly, Plaintiff's proposed amendment is not futile and the Court should
2  not deny leave to amend on that basis.

### E. Plaintiff Doshi Did Not Delay in Seeking This Amendment.

Plaintiff seeks leave to amend by the deadline set in the Court's Scheduling Order (Doc. #19, ¶ 1), based, in part, on documents recently received in discovery. (*See* Franklin Decl. ¶ 7.) And Plaintiff's proposed amendment is brought before any depositions have been taken. (*See id.* ¶ 9.) Accordingly, there is no basis for finding Plaintiff has delayed in seeking the proposed amendment. Furthermore, "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD Programs*, 833 F.2d at 187; *see also Howey*, 481 F.2d at 1190 ("While it is true that the motion was made five years after the third party complaint had been filed, we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend.").

Therefore, the Court should allow the proposed amendment.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Doshi respectfully requests that the Court grant leave to file his proposed Second Amended Complaint.

Dated: January 28, 2019

Respectfully submitted,

FRANKLIN | SOTO LLP

*/s/ Joshua D. Franklin*
Joshua D. Franklin
Email: josh@franklinsoto.law
Cheryl Dunn Soto
Email: cheryl@franklinsoto.law

*Attorneys for Plaintiff Ajay Atul Doshi*